UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JEFFREY JOHNSON,
Institutional ID No. 2157288

    Plaintiff,

v.

PATRICK L. O'DANIEL, *et al.*,

    Defendants.

No. 1:23-CV-00142-H

## ORDER

Plaintiff, a self-represented prisoner, signed on to a civil-rights complaint jointly filed by ten inmates housed in the Robertson Unit of the Texas Department of Criminal Justice. Dkt. No. 2. The Court denied the request to proceed jointly and severed each plaintiff's case into an individual civil action. Dkt. No. 1. The Court ordered each plaintiff to file an amended complaint on the proper form setting out his individual claims and to either pay the filing fee or file a properly supported application to proceed *in forma pauperis* (IFP). The Court gave Plaintiff ample time and opportunity to comply with the Court's instructions and cure the identified filing defects, but he failed to do so. Now, as explained below, the complaint must be dismissed for want of prosecution.

When the Court severed the plaintiffs' cases into individual actions on June 13, 2023, it instructed each plaintiff to file a complete amended complaint and either pay the $402 filing fee or file an IFP application with a certified statement of his inmate trust account within 20 days. Dkt. No. 1. The Court warned that the failure of any plaintiff to file the required documents could result in the dismissal of that plaintiff's case without further notice. Plaintiff, again joined by the original prisoner-plaintiffs, filed objections and moved

the Court to reconsider its order. Dkt. No. 5; No. 1:23-cv-00086 at Dkt. No. 12. Plaintiff also sought mandamus relief in the Fifth Circuit. *See* Dkt. No. 6.

The Fifth Circuit denied Plaintiff's mandamus petition on October 10, 2023. Dkt. No. 10. Then, on December 15, 2023, the Court overruled Plaintiff's objections and denied the motion for reconsideration. Dkt. No. 11; *see also* No. 1:23-cv-00086 at Dkt. No. 20. The Court sua sponte extended the deadline for resolving the filing deficiencies, giving Plaintiff 30 more days—until January 15, 2024—to file his individual amended complaint and either pay the filing fee or file a properly supported IFP application. The Court again warned Plaintiff that his failure to comply would result in the dismissal of this case for want of prosecution without further notice. Plaintiff did not respond to the Court's December 15 order and the time to do so has passed.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629-30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).

This case cannot proceed because Plaintiff has failed to submit his amended complaint describing his individual claims and has not paid the filing fee or moved to proceed IFP. *See* 28 U.S.C. § 1915(a)(2) and (b). Plaintiff has had more than six months to comply with the Court's orders, but he has failed to do so. As a result, it appears that Plaintiff has chosen not to pursue his civil-rights claims. Thus, the Court finds that this case must be dismissed without prejudice under Rule 41(b).

So ordered.

Judgment will be entered accordingly.

All relief not expressly granted is denied and any pending motions are denied.

Plaintiff is admonished that if he refiles his complaint, he must use the required form and either pay the full filing fee[1] or file an IFP application with a certificate of his inmate trust account and authorization.

Dated January 30, 2024.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[1] Effective December 1, 2023, the full filing and administrative fee for civil-rights actions is $405. *See* District Court Miscellaneous Fee Schedule.